MORALES, PLAINTIFF AND RESPONDENT, *v.* PABÓN, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Mayagüez.

No. 985.—Decided October 30, 1913.

AMENDMENT TO COMPLAINT—JOINING NEW PARTIES DEFENDANT—UNPREJUDICIAL
ERRORS.—The allowance of an amendment to a complaint joining new parties
defendant does not constitute an error prejudicial to the interests of the
defendant when the court in rendering judgment fails to make any pro-
nouncement in regard to the said new parties. The injured party, if any,
would be the plaintiff, and as he has not appealed it would be idle to discuss
this error alleged by the defendant.

SURETIES—PRINCIPAL DEBTOR—BOND IN SOLIDUM.—The promissory notes in litiga-
tion were guaranteed by the sureties in the following manner: "We con-
stitute ourselves sureties and principal debtors for the amount of this note,
with the same liability as the direct debtor." It was held that although
the phrase "principal debtor" has the same signification as "surety *in
solidum,*" as in this case the sureties did not state that each one of them
individually guaranteed the amount of the obligation, each surety cannot be
held liable for the total amount of the obligation, but both are liable con-
jointly without ties *in solidum,* therefore the liability is divided between them.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for respondent.

*Mr. M. del Toro Colberg* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This action was brought in the Municipal Court of Cabo
Rojo and an appeal having been taken from the judgment
rendered therein, a new trial was had in the District Court
for the Judicial District of Mayagüez.

Claudio Morales filed the complaint originally against Ber-
nardo Pabón, praying that the latter be adjudged to pay to
the plaintiff the sum of $450, the amount of two promissory
notes, one of January 12, 1911, for $250, which became due on
July 12 of the same year, and the other of June 19, 1911, for
$200, which fell due on June 19, 1912, together with legal
interest, costs, disbursements and attorney's fees. Both notes

were signed by Luis E. Marini as debtor and by Arturo E. Marini and the defendant, Bernardo Pabón, as sureties.

The said notes were copied literally in the complaint and in each of them the obligation contracted by Arturo E. Marini and B. Pabón over their signatures was that they bound themselves as sureties and principal debtors for the amount of each note, assuming the same liability as the direct debtor.

The defendant admitted the genuineness of the two notes on which the complaint is based and that they were due and had not been paid either in whole or in part. The plaintiff acknowledged that the defendant had offered to pay him one-half of the amount of the debt evidenced by the notes, claiming that this was the proportional part only for which he was liable as surety.

An answer having been filed, the plaintiff amended the complaint to the effect that Pabón as well as the other surety, Arturo E. Marini, and the debtor, Luis E. Marini, be adjudged to pay jointly and severally to Morales the sum of $450 with interest, costs, disbursements and attorney's fees, to which amendment the defendant objected. The trial terminated on March 11 of the current year in a judgment of the District Court of Mayagüez, adjudging that defendant Pabón pay to plaintiff Morales the sum of $450 sued for, the amount of the two notes, together with interest thereon at 6 per cent annually from the time the complaint was filed to the date of its full discharge, without special imposition of costs. From this judgment the defendant appealed to this court.

Two errors are assigned by the appellant as grounds for his appeal, one being the allowing of the amendment to the complaint and the other the decreeing of the defendant Pabón to be a debtor *in solidum* and adjudging him to pay, therefore, the total amount of the two notes.

We deem it idle to discuss the first assignment of error, for in rendering judgment in the terms in which it did the court took no notice of the amendment to the complaint and therefore caused no damage to the defendant Pabón. The injured

party, if any, would have been the plaintiff, and he has not appealed from the judgment on account of the court's failure to make any pronouncement relative to the direct debtor and the other surety, Arturo E. Marini.

The only question, then, for our consideration is whether the obligation of the sureties, Arturo E. Marini and Bernardo Pabón, is joint as claimed by defendant Pabón or individual as contended by the plaintiff.

In support of his appeal the appellant invokes sections 1104 and 1105 of the Civil Code, which read as follows:

"Section 1104.—The concurrence of two or more creditors, or of two or more debtors in a single obligation, does not imply that each one of the former has a right to ask, nor that each one of the latter is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it expressly, being constituted as a joint (*sic*) obligation.

"Section 1105.—If from the context of the obligations referred to in the preceding section any other thing does not appear the credit or the debt shall be presumed as divided in as many equal parts as there are creditors or debtors, being considered as credits or debts, each one different from the other."

Examined in relation to the liability of sureties, the language of the sections quoted is conclusive and decisive of the fundamental question in the present controversy.

In each of the promissory notes Arturo E. Marini and B. Pabón say: "We constitute ourselves sureties and principal debtors for the amount of this note, with the same liability as the direct debtor." In other words, the said Marini and Pabón represent together the juridical entity of the surety. They do not assume a double liability as sureties but constitute one single guarantee for the payment of the main liability, for they did not state in the notes that each of them individually or personally guaranteed the payment notwithstanding the fact that in assuming the character of principal debtors the two together and united by a common tie were bound in the same manner as the direct debtor.

We recognize that, according to the judgment of the
Supreme Court of Spain of October 11, 1875, in the case of
*José Fontova* v. *Zamora, Costa & Co.,* and the judgment of
this court in the case of *Salgado* v. *Villamil et al.,* 14 P. R. R.,
438, the phrase *principal debtor* has the same signification
as *surety in solidum,* and applying that doctrine to the present
case, we are of the opinion that Arturo E. Marini and Ber-
nardo Pabón are sureties *in solidum* in relation to the direct
debtor, Luis E. Marini—not separately or independently of
each other as though a double guarantee were being given
for the fulfilment of the obligations contracted, but conjointly
or by means of a single guarantee formed by two distinct per-
sons without ties *in solidum* between themselves. From the
wording of the notes it does not appear that each of the sure-
ties is individually liable and therefore the liability assumed
by them as principal debtors should be divided equally be-
tween them.

In this manner application may be made of section 1738
of the Civil Code, which is in harmony with the sections al-
ready quoted and reads as follows:

"Section 1738.—Should there be several sureties but only one
debtor for the same debt, the liability therefor shall be divided among
them all. The creditor can claim from each surety nothing but the
proper portion which he may have to pay, unless the joint (*sic*) lia-
bility has been expressly stipulated."

The individual liability of each of the two sureties in the
present case was not expressly stipulated, although their joint
liability in their capacity as principal debtors with the same
liability as the direct debtor is *in solidum.*

For the foregoing reasons the judgment appealed from
should be reversed and another rendered adjudging the de-
fendant, Bernardo Pabón, to pay to the plaintiff, Claudio
Morales, the sum of $225, without prejudice to the rights of
the plaintiff to recover the balance of the total amount of the

notes from the proper person, without special imposition of costs, disbursements or attorney's fees.

> *Judgment reversed and another rendered adjudging the defendant to pay $225, without prejudice to the right of the plaintiff to recover the balance of the total amount of the two notes from the proper person, without special imposition of costs.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.